Alissa J. Sammarco - 0077563
Attorney for Plaintiff

## UNITED STATED DISTRICT COURT SOUTHERN
## DISTRICT OF OHIO WESTERN DIVISION
## CINCINNATI OFFICE

| | | |
|---|---|---|
| **SEAN MAHER** | : | Case #: |
| | : | |
| | : | Judge: |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| **COLERAIN TOWNSHIP,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **MARK DENNEY, individually and in** | : | |
| **his official capacity as the Police Chief of** | : | |
| **COLERAIN TOWNSHIP,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **SCOTT OWEN, individually and in his** | : | |
| **Official capacity as Police Sergeant of** | : | |
| **The Colerain Township,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **GEOFF MILZ, individually and in** | : | |
| **his official capacity as Administrator of** | : | |
| **Colerain Township,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **MATT WAHLERT, individually and in his** | : | |
| **Official capacity as Trustee and/or** | : | |
| **Vice President of Colerain Township,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **RAJ RAJAGOPAL, individually and in his** | : | |
| **Official capacity as President of Colerain** | : | |
| **Township,** | : | |
| | : | |
| **And** | : | |

1

**DAN UNGER, individually and in his
Official capacity as Trustee and/or
Vice President of Colerain Township,**

**And**

**JEFF BAKER, individually and in his
Official capacity as Fiscal Officer of Colerain
Township,**

**And**

**RENETTA EDWARDS, individually and in
Her official capacity as Human Resources,**

**And**

**JOHN DOES 1 THROUGH AND
INCLUDING 10,**

           **Defendants**.

      Plaintiff, by and through his attorney Alissa J. Sammarco, bring this action against the

Defendants and allege as follows:

<strong>JURISDICTION</strong>

    1.    This action is brought pursuant to 42 U.S.C. §§ 1983, as well as the Fourteenth

Amendment of the United States Constitution, and Article I, § 14, Constitution of the State of

Ohio. Also under Title VII and O.R.C. §§ 4112 et seq., and 4113.52.

    2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and Title

VII, (Federal Question) and 28 U.S.C. §1343 (Civil Rights) and pursuant to its pendent and

ancillary jurisdiction over related state causes of action.

    3.    Venue lies in the Southern District of Ohio, the judicial district in which the claim

arose pursuant to 28 U.S.C. § 1391. The Plaintiffs further invoke the pendent jurisdiction of this

Court to hear and consider claims also arising under the state laws of Ohio. The matter in

controversy exceeds, exclusive of interest, the sum of SEVENTY FIVE THOUSAND U.S. DOLLARS ($75,000.00).

4.     On October 27, 2021, Plaintiff filed a Charge of Discrimination against Defendant Colerain Township jointly with the EEOC and the OCRC, Charge No. 473-2022-00135. A true and correct copy of the Charge No. is attached hereto and incorporated herein by this reference as Exhibit 1.

## PARTIES

5.     The allegations contained in the Jurisdiction paragraphs are incorporated by reference as if fully rewritten herein.

6.     Plaintiff was at all times material to this action are citizens of the United States of America and residents of the State of Ohio. Plaintiff was employed and worked in the Hamilton County, State of Ohio. Plaintiff believes each of the Defendants reside within the jurisdiction of this Court.

7.     Plaintiff was at all times material to this action a "public employee" as that term is used in O.R.C. § 121.22.

7.     Defendant Colerain Township includes as one of its subparts, Colerain Police Department and all other departments organized and operated and managed thereby (hereinafter referred to as Defendant "Colerain Township"), at all times relevant to this action was a municipal corporation and political subdivision existing pursuant to the laws of the State of Ohio, located in Hamilton County, Ohio, having the authority to sue and be sued in its corporate name. Further, Defendant Colerain Township, at all times relevant employed, controlled or had the right to control Police Chief Mark Denney, Police Sgt. Scott Owen, Administrator Geoff Milz, Vice President/Trustee Matt Wahlert, President Raj Rajagopal, Vice President/Trustee Dan Unger,

Fiscal Officer Jeff Baker, Human Resources Officer Renetta Edwards and the John Does 1-10 whose names and identities are unknown to Plaintiff but known to Defendant Colerain Township, which individuals committed certain acts or omissions in the course and scope of their employment and/or relationship with Colerain Township and in the name of the Colerain Township and their Police Department.

8.      Defendant Colerain Township is a "public body" as that term is defined at O.R.C. § 121.(B)(1). The members, trustees, officers, department heads and elected officials of the Defendant Colerain Township, the Police Department of Colerain Township, are all "public officials" as that term used in O.R.C. § 121.22.

9.      Defendants Matt Wahlert, Raj Rajagopal, Dan Unger and Jeff Baker at all times relevant to this action were the duly elected officials, trustees and/or officers of Colerain Township. At all times material, they were responsible for the scheduling of meetings, hiring firing of agents and employees of Defendant Colerain Township, training and supervision of the employees and agents of the Defendant Colerain Township. This action is brought against them individually and in their official capacity for the acts and omissions occurring in said capacities.

10.     Defendant Geoff Milz at all times relevant to this action was the duly appointed Administrator of Colerain Township. At all times material, he was responsible for the scheduling of meetings, hiring firing of agents and employees of Defendant Colerain Township, training and supervision of the employees and agents of the Defendant Colerain Township. This action is brought against him individually and in his official capacity for the acts and omissions occurring in said capacities.

11.     Defendant Mark Denney at all times relevant to this action is the duly appointed Chief of Police of the Colerain Township Police Division. At all times material, Chief Denney was responsible for the training and supervision of the employees and agents of the Colerain Township Police Department and hiring and firing

said employees and agents. This action is brought against him individually and in his official capacity for the acts and omissions occurring in said capacities.

12.     Defendant Scott Owen at all times relevant to this action is the duly appointed Police Sergeant of the Colerain Township Police Division. At all times material, Sgt. Owen was responsible for the training and supervision of the employees and agents of the Colerain Township Police Department and hiring and firing said employees and agents. This action is brought against him individually and in his official capacity for the acts and omissions occurring in said capacities.

13.     Defendant Renetta Edwards at all times relevant to this action is a duly appointed Human Resource Officer of Colerain Township. At all times material, Ms. Edwards was responsible for the training, supervision, management, decisions regarding leave including leave under the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA), and hiring and firing employees and agents. This action is brought against her individually and in her official capacity for the acts and omissions occurring in said capacities.

14.     At all times material hereto, Individual Defendants and John Doe 1 through 10, acted within the scope of their employment with Defendant Colerain Township.

15.     All of the above Defendants are individuals who acted under color of state law and are responsible for Plaintiff's damages in both their individual and official capacities.

## STATEMENT OF FACTS

16.     The allegations contained in all prior paragraphs are incorporated by reference as if fully rewritten herein.

17.     Plaintiff was hired on or about 2010 as a police officer by Colerain Township.

18.     Plaintiff was later promoted to Detective and assigned to the Criminal Investigation Unit.

19.     On or about September 8, 2021, Defendants terminated Plaintiff from employment.

20.     Plaintiff has a disability that effects a major life activity.  He is / was at all times relevant hereto, under a doctor's care for said disability.

21.     At all times relevant hereto, Defendants were aware of his disability.

22.     On or about December 22, 2020, Defendant Scott Owen issued Plaintiff a performance review for 2020.  That performance evaluation included lowered evaluations for attendance based on protected leave, and lower than other employees who had worse attendance records.  The inferences and statements made in that evaluation were not based in fact, and were written in such a way to imply that Plaintiff's attendance was significant issue related to his performance.

23.     During the evaluation, Defendant Scott Owen violated police policy as well as the local and state laws.

24.     On December 22, 2020, after the evaluation, Plaintiff reported Sgt. Owen's conduct and police policy violation to Chief Denney and Lt. Michael Owens.

25.     On or about December 22, 2020, Chief Denney reprimanded Sgt. Scott Owen for his improper conduct.

26.     On or about December 23, 2020, in retaliation for Plaintiff's report of his conduct in violation of policy, Sgt Scott Owen prepared a misleading and derogatory memorandum further degrading Plaintiff and requesting his removal from Criminal Investigation Unit.

27.     The evaluation included derogatory statements and low evaluations based on attendance and tardiness, listing "child care" and "martial arts training."

28.     Female employees did not receive evaluations based on "child care."

29.     Non-Disabled employees did not receive lower evaluations based on "child care."

30. The Martial Arts Training occurred in the basement of the Police Station and was attended by and approved by Lt. Mike Owens. Plaintiff's activity was approved by Chief Denney. The activities were part of Plaintiff's job duties as the Lead Instructor For Defensive Tactics to conduct training.

31. Plaintiff verbally reported that the memorandum prepared by Defendant Sgt. Scott Owen violated the policies, regulations and laws of the Department, Township and State, and complained of retaliation, harassment and discrimination.

32. On or about January 13, 2021, Lt. Michael Owens prepared a memorandum in response to Sgt. Owen's memorandum, rebutting the allegations and recommending discipline for violation of the regulations and laws of the Department, Township and State, and complained of retaliation, harassment and discrimination.

33. On or about January 14, 2021, Sgt. Owen read wrote on the employee calendar a comment "46 years gay" regarding one of his subordinate officers. This comment violated local, state and department laws and regulations and policies regarding age and sex discrimination, including Colerain Township Unlawful Harassment Policy (3.51).

34. On or about January 14, 2021, Plaintiff verbally reported to Lt. Michael Owens the conduct of Sgt. Scott Owen which he believed to violate the law, was a crime, and was likely to cause harm to the officer involved.

35. Plaintiff had previously made verbal reports to Lt. Owens and Chief Denney about Sgt. Owen's harassing and improper conduct which he believed to be a crime, violate local, state, and federal laws and regulations and policies, and be likely to cause harm and injury to the public. Such conduct included Sgt. Owen pulling a gun on Plaintiff when he first started as a police officer, and crude, sexually charged and unwelcome conduct and comments regarding citizens and other

officers.

36.     Plaintiff verbally reported to Defendants that Defendant Sgt Owen said of the public, "if you can't teach them respect, teach them fear."

37.     Plaintiff verbally reported that Defendant Sgt. Owen regularly sent improper text messages to the group chat of officers which included slurs based on race, sex, age related and other statement regarding other officers, citizens including victims and suspects on or before January 14, 2021.

38.     On or about January 14, 2021, after receiving Plaintiff's verbal report, Lt. Michael Owens prepared a memorandum dated January 20, 2021 and reported to Chief Denney that Defendant Sgt Owen's had violated harassment policies, and recommended discipline.

39.     On or about January 28, 2021, Defendants opened an internal investigation against Defendant Sgt. Owen regarding the verbal complaints made by Plaintiff, and another complaint that Defendant Sgt Owen mishandled of a homicide scene.

40.     On or about February 10, 2021, Defendants opened a third internal investigation whereby all members of the Crime Investigation Unit were to be interviewed.  These three internal investigations overlapped in conduct and witnesses.

41.     Defendants, including Defendants Denney, Milz, Wahlert, Rajagopal, Unger, Baker and Edwards, devised a way to attempt to circumvent contract and police and legal procedures governing such inquiries, and to deny due process to Plaintiff.  While the internal investigation into Defendant Sgt. Owen's conduct was handled as an "investigation of misconduct," the additional investigation of the Crimes Investigation Unit was not to be handled as such.  Because it was not labeled "misconduct,"  the Defendants were not required by the contract between the Fraternal Order of Police (FOP) and Colerain Township in the manner in

which they conducted interviews.

42. On or about March 25, 2021, Plaintiff contacted Defendant Edwards in Human Resource Department via phone and complained of working in a hostile work environment because he was still supervised by Defendant Sgt. Scott Owen, and complained of daily hostile work environment in retaliation for his complaints of sexual discrimination on his performance review, and his report of both that and his conduct in December 2020.

43. At no time between December 22, 2020 and April 1, 2021, did Defendants take action sufficient to correct the problem, but instead allowed Defendant Sgt. Owen to remain in his post, his position of authority over Plaintiff and other officers, and his position of authority over the public.

44. On or about April 1, 2021, Plaintiff gave another verbal report regarding Sgt. Owen's conduct which he believed violated local, state and federal policies, ordinances and laws, and endangered the public.  He was interviewed by the internal investigation officer, Lt. Chris Phillips.  During that verbal interview, Plaintiff gave a verbal report of the conduct of Sgt. Scott Owen which included the following conduct which Plaintiff believed violated the law and was likely to cause harm to the public:

    a) use of harassing, crude, derogatory hazing and unwelcome humor based on race, sex, and my disability;

    b) pointing his service weapon at Plaintiff, causing him substantial fear and anguish, then laughing;

    c) attempting to cause Plaintiff physical harm by putting sugar in Plaintiff's diet drink while he stepped away, having full knowledge that doing so would harm Plaintiff;

d) prior retaliatory behavior against plaintiff when Sgt. Owen believed Plaintiff had reported his misconduct;

e) racial statements about other officers of color including "This might be the only time you see a black guy without a gun;"

f) defacing children's artwork of other officers with drawings of penises;

g) calling other detectives "little bitch;"

h) repeating a story of Sgt. Owen's beating a suspect until he begged to be arrested and protected in custody;

i) Sgt. Owen threatening to ruin Plaintiff's carrier in retaliation for demanding that Sgt. Owen stop harassing him;

j) Sgt. Owen moving another detective's pagrol car during a traffic stop investigation which is a significant safety concern and likely to cause harm to someone during an active police investigation;

k) Mishandling of deceased body, and taking pictures (private) for personal use;

l) Permitting a civilian access to a crime scene during active police investigation;

m) Open discuss of his sexual activities with another officer at Colerain Township;

n) Harassment of plaintiff with unwelcome, derogatory and harassing statement regarding his disability;

o) Circulation of crude, harassing text messages and pictures likely to cause harm to public, and violating state, federal and local policies and laws including "touch her where she pees", "precious ass", and ratifying improper, unlawful statements of other officer / detectives including "victim for one of my cases lol" and multiple text exchanges about sex (both heterosexual and homosexual),

women (sexy and not sexy) and homosexuality;

p) Multiple text exchanges including race based and national origin based derogatory statements about citizens, both victims and suspects;

q) Showing body cam footage of an officer involved shooting to general employees present in the police station, violating privacy laws and policies which were likely to cause harm to the public;

r) Sgt. Owen prepared a yearly review of another detective and read it allowed to the station including false, harassing, derogatory statements;

s) On or about December 18, 2020, Sgt. Owen texted the chat group stating the Plaintiff was "masturbating while face-timing."

45.     Plaintiff provided screen shots of the text messages and was asked to provide a written copy of his verbal statement.  Lt. Chris Phillips told Plaintiff to send the written statement from Plaintiff's personal email to Phillip's personal email so that "it would be kept away from the public."

46.     Plaintiff provided a copy of his written report on or about April 1, 2021 to Lt. Phillips, and Defendants including Denney, Milz, Wahlert, Rajagopal, Unger, Baker and Edwards.

47.     On April 2, 2021, Defendants placed Defendant Sgt. Scott Owen on Administrative Suspension with pay.

48.     On April 12, 2021, Defendants cancelled the Administrative Suspension, and returned Defendant Sgt. Owen to work on April 13, 2021.

49.     On April 19, 2021, Defendants again placed Defendant Sgt. Owen on Administrative Suspension with pay.

50.     On April 27, 2021, Defendants announced that Defendant Sgt. Scott Owen would

retire on April 30, 2021, praising him for his service and work at Colerain Township.

51.     On or about April 30, 2021, Defendants allowed Defendant Sgt. Scott Owen to retire without completing the investigation of misconduct, and without discipline or termination. Defendants conducted a final call to duty for Defendant Sgt. Owen.

52.     Plaintiff believes and alleges thereon that Defendants did not complete the internal investigation of misconduct against Sgt. Scott Owen, but instead allowed him to retire without discipline or reprimand.

53.     On or about May 3, 2021, Plaintiff was notified that he was going to be removed from the Criminal Investigations Unit, and demoted from detective to patrol officer.

54.     On or about May 6, 2021, Plaintiff went out on medical leave under the FMLA for a physical disability and condition.  His anticipated return to work date was August 8, 2021.  The return to work date was extended until September 8, 2021.

55.     At the time that Plaintiff was demoted to patrol officer, Defendants, including Denney, Owen, Milz, Wahlert, Rajagopal, Unger, Baker and Edwards were aware that he had scheduled FMLA leave.

56.     At the time that Plaintiff was demoted to patrol officer, Defendants, including Denney, Owen, Milz, Wahlert, Rajagopal, Unger, Baker and Edwards were aware that Plaintiff had verbally and in writing reported Defendant Owen's conduct referenced above, and that he had cooperated fully with the internal investigation of Defendant Owen.

57.     Defendants demoted Plaintiff from detective and terminated his assignment to the Crimes Investigation Unit to patrol officer in retaliation for his reporting the conduct of Defendant Owen, and in retaliation for his cooperation with the internal investigation.

58.     Defendants demoted Plaintiff from detective and terminated his assignment to the

Crimes Investigation Unit to patrol officer in retaliation for his reporting the conduct of Defendant Owen, and in retaliation for his taking FMLA leave.

59. Defendants demoted Plaintiff from detective and terminated his assignment to the Crimes Investigation Unit to patrol officer in retaliation for his reporting the conduct of Defendant Owen, and in discrimination of his disability(ies).

60. Plaintiff requested reasonable accommodation to return to work once his doctor released him to light duty.

61. Defendants failed to enter into the interactive process and refused to allow Plaintiff to return to work unless he could work "full duty."

62. On or about September 6, 2021, Defendant sent Plaintiff a letter stating that he must return to full duty with a psychiatric clearance by September 8, 2021, or he would be terminated.

63. Defendant then terminated Plaintiff's employment on or about September 8, 2021.

64. In violation of O.R.C. § 121.22, Defendants terminated Plaintiff. No public meeting was held.

65. Plaintiff made verbal reports of conduct which he believed violated local, state or federal law and which he believed effected the safety of the public. Each report contained sufficient detail for the Defendant(s) to identify and describe the violation with the prosecuting authority of the county or municipal corporation where the violation occurred, with a peace officer, with the inspector general if the violation is within the inspector general's jurisdiction, or with any other appropriate public official or agency that has regulatory authority over the employer and the industry, trade, or business in which the employer is engaged.

66. On or about March 25, 2021, Plaintiff made a complaint to Defendant Edwards against Colerain Township for discrimination based on sex, disability, and retaliation. Defendants

and each of them were aware of this prior protected activity.

67.    Defendant took these adverse actions, allowed and condoned harassment against Plaintiff, and submitting him to unsafe work conditions based on a discriminatory motive based on sex, disability and because he reported violations (whistleblower).

## FIRST CAUSE OF ACTION – TITLE VII

68.    Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

69.    Defendants and each of them have violated Plaintiff's right to be free of sex discrimination under Title VII of the Civil Rights Act of 1964 as amended 42 USC Section 2000e et seq.

## SECOND CAUSE OF ACTION – O.R.C. CHAPTER 4112,

70.    Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs,

71.    Defendants have discriminated and retaliated against Plaintiff on the basis of sex, disability, or protected activity (complaint of discrimination) in violation of O.R.C. 4112.

## THIRD CAUSE OF ACTION – WHISTLE BLOWER - R.C. 4113.52

72.    Plaintiff re-alleges as if fully re-written herein all the allegations contained in all prior paragraphs.

73.    Plaintiff became aware in the course of employment of a violations by Defendant Owen of local, state or federal statutes or any ordinances or regulations of a political subdivision or that effected the safety of employees, that the Defendant had authority to correct, and the Plaintiff reasonably believed that the violation is a criminal offense that is likely to cause an imminent risk of physical harm to person or a hazard to public health or safety, a felony, or an

improper solicitation for a contribution.

74. Plaintiff orally notified his supervisor(s) or other responsible office(s) of Defendants of the violation.

65. Plaintiff subsequently filed with the supervisor or officer a written report that provided sufficient detail to identify and describe the violation.

66. The employer did not correct the violation or make a reasonable and good faith effort to correct the violation.

67. Defendant Colerain Township discriminated and harassed Plaintiff at least in part because he reported the violations regarding disclosure of employees' confidential information and Defendant's actions were so extreme and outrageous that they effected the terms and conditions of his employment and created a hostile work environment.

68. Defendant Colerain Township terminated Plaintiff in retaliation for his making said reports and cooperating with the internal investigation.

69. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in the form of past lost wages, past pain and suffering, past emotional distress, and will continue to suffer these damages in the future.

### FOURTH CAUSE OF ACTION – FAMILY MEDICAL LEAVE ACT

70. Plaintiff re-allege as if fully restated herein all the allegations contained in all prior paragraphs.

71. Defendants and each of them have violated Plaintiff's right to be free of disability discrimination under The Family Medical Leave Act, as amended, 29 USC sections 2601 *et seq*.

72. Plaintiff suffered damages as set forth herein and requested below as a direct and proximate result of Defendants' violation of the FMLA.

## FIFTH CAUSE OF ACTION – DISCRIMINATION BASED ON DISABILITY

73.     Plaintiff fully restates herein all allegations contained in prior paragraphs.

74.     Defendants have discriminated and retaliated against Plaintiff in violation of The Americans with Disabilities Act, and Ohio Revised Code sections 4112*, et seq*. based on disability.

75.     Defendants failed to engage in the interactive process when Plaintiff requested reasonable accommodation, and therefore violated the ADA.

76.     Defendants failed to accommodate Plaintiff and therefore violated the ADA and ORC 4112 *et seq*.

77.     Defendants terminated Plaintiff on the basis of his disability(ies) and therefore violated the ADA and ORC 4112 *et seq.*

78.     Plaintiff suffered damages as set forth herein and requested below as a direct and proximate result of Defendants' violation of the ADA and ORC 4112 *et seq*.

## SIXTH CAUSE OF ACTION – VIOLATION OF PUBLIC POLICY

79.     Plaintiff re-alleges as if fully re-written herein all the allegations contained in all prior paragraphs.

80.     Defendant discriminated and wrongfully terminated plaintiff in violation of the US and Ohio Constitutions, ORC 121.22, and Section 1983, and various Colerain Township Polices and procedures.

81.     Defendants acted in violation of public policy.

82.     By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

83. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially the Plaintiff thereby entitling Plaintiff to punitive damages.

0. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages as alleged herein, including but not limited to lost wages (past and future), lost employment benefits, emotional distress, and is entitled to punitive damages in an amount determined by the finder of fact

## SEVENTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

86. Defendants jointly and severally have intentionally inflicted emotional distress upon the Plaintiff when they forced him to work under Defendant Owen while he was bullying him and harassing him in retaliation for his reports against Owen, ignored his reports of illegal conduct, placed him in harm's way, and allowed fellow officers to threaten him and to solicit false statements about him.

3. Also when they required him to work a high stress position and allowed continued threats by his superior officer, placed him in harm's way.

4. Defendants intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress.

5. Defendants' conduct was extreme and outrageous.

6. Defendants' action proximately caused plaintiffs psychic injury.

7. The mental anguish plaintiff suffered was serious.

8.      As a direct and proximate result of the actions of Defendants, Plaintiff has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

## EIGHTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

93.      Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

94.      Defendants jointly and severally have negligently inflicted emotional distress upon the Plaintiff when they accused ignored his reports of illegal conduct, placed him in harm's way, and allowed fellow officers to threaten him and to solicit false statements about him.

95.      Defendants knew or should have known that actions taken would result in serious emotional distress. Emotional distress was a foreseeable outcome of Defendants' conduct.

96.      Defendants' conduct was extreme and outrageous.

97.      Defendants' action proximately caused plaintiffs psychic injury.

98.      The mental anguish plaintiff suffered was serious.

99.      As a direct and proximate result of the actions of Defendants, Plaintiff has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered

damages for the lost enjoyment of life; and lost wages, both past and future.

## NINETH CAUSE OF ACTION

100.   Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

101.   Defendants, and each of them, breached the express and/or implied employment contract by failing to maintain a work place free of sex and disability discrimination and retaliation and free of whistleblower retaliation.

102.   Defendants and each of them breached the express and/or implied employment contract to provide due process to Plaintiff prior to termination him as is required under the Constitution and under ORC 121.22.

103.   Defendants, and each of them, entered into an express and/or implied employment contract with plaintiff agreeing to pay him an hourly wage for services rendered.

104.   Defendants further agreed by law and policy, to provide a safe work environment free from harassment, discrimination and retaliation.

105.   Defendants and each of them breached the express and/or implied contract in violation of public policy as alleged herein

106.   As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and lost educational reimbursement as well as other benefits provided under the contract.

## TENTH CAUSE OF ACTION: RETALIATORY
## DISCHARGE/DISCRIMINATION

107.   Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

108.   Defendant's actions as set forth above constituted retaliation against Plaintiff due

to his reporting safety, ethical and legal violations, discrimination based on race and national origin.

109.    As a result of said retaliation, Plaintiff has lost his employment and suffered and continues to suffer economic and psychological damages.

110.    As a direct and proximate result of Defendants' retaliatory discharge, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and lost educational reimbursement as well as other benefits.

**ELEVENTH CAUSE OF ACTION – RESPONDEAT SUPERIOR**

111.    Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

112.    At all times relevant hereto, Defendants Grabowski, Lambert, Blankenship, Bledsoe, White, Bucher and John Does one through and including ten were agents and/or employees of Defendant University of Cincinnati Foundation.

113.    At all times relevant hereto, Defendants Grabowski, Lambert, Blankenship, Bledsoe, White Bucher and John Does one through and including ten were acting within the course and scope of their employment with furtherance of interest of said Defendant University of Cincinnati Foundation.

114.    Defendants are liable to Plaintiff for her damages under the Doctrine of *Respondent Superior*.

    **WHEREFORE**, Plaintiff demands that the Court:

(A) Award Plaintiff compensatory damages in an amount to be shown at trial.

(B) Award Plaintiff punitive damages against each Defendant in an amount to be shown at trial.

(C) Award Plaintiff back pay, front pay, and employment benefits and other equitable relief.

(D) Award Plaintiff reasonable attorney's fees and costs and disbursements.

(E) Award Plaintiff pre and post judgment interest at the statutory rate.

(F) Grant Plaintiff such additional relief as the Court deems just and proper

> Respectfully Submitted,
> **THE SAMMARCO LAW FIRM LLC**
>
>
> /s/ *Alissa J. Sammarco*
> Alissa J. Sammarco - 0077563
> Attorney for Plaintiff
> 15 East 8th Street
> Cincinnati, Ohio 45202
> Telephone: 513-763-7700
> Facsimile: 513-763-7704
> Email: AJS@SammarcoLegal.com

## JURY DEMAND

Now comes plaintiff and demands trial by jury.

> /s/ *Alissa J. Sammarco*
> Alissa J. Sammarco– 0077563
> Attorney for Plaintiff